Judge Owsley,
delivered the opinion o! the Court.
On the 8th of March, 1793, William Hays, David Hughes and Stephen Boyle executed their joint bond, in which they bound themselves and their heirs, jointly and severally, to convey to Arthur Conley, by general warranty deed, a tract of one hundred and eighteen and three-fourth acres of land, whenever thereto demanded. The conveyance was not made as required by the bond, and suit was brought thereon, by Conley,'against Boyle, one of the obligors, the other obligors, Hays and Hughes, having previously departed this life. The suit was brought some time about 1804, and such proceedings were thereafter had, as that finally judgment was recovered by Conley against Boyle, for two hundred and four pounds five shillings, besides cost. On this judgment, execution was issued against the estate of Boyle, and as alleged by liim, the . amount thereof was afterwards paid to Conley, who has since departed this life.
Bill by Boyle, one of the vendor’s safeties in the bond to sub- . ject the land, to reimburse him the damages he had paid obligee, recovered at laiv.
Revivor.
Decree of the circuit court.
"Where the heirs are not expressly bound by the Covenant of their ancestor, the personal representatives must be sued with them, to recover money.
*638 The present suit in equity was then brought by" Boyle against the heirs of Plays and the heirs of Conley. The bill charges that the bond upon which the judgment at law Was recovered against Royle, was executed by him and Hughes as the sureties of Hays, who had sold the land therein discribed, to Conley; that the possession of the land sold was delivered by Hays to C.onley, in pursuance to the contract of sale; and that Conley, during his life, and his heirs ever since, have enjoyed the peaceable and undisturbed possession of the land. The bill also alleges that, shortly after the contract of sale and the execution of the bond, a deed of conveyance for the land, was made by Hays to Conley, and duly acknowledged and recorded in the proper office; but it is admitted by the bill, that Conley may not have accepted the deed, and it is alleged that the recovery was had at law against Boyle, upon the bond, in consequence of the conveyance so made by Plays, not conforming to the bond, and the refusal of Conley to accept the sime in discharge of the bond. The bill asserts a lien upon the land, in favor of Boyle, for the amount of the judgment, and prays that the land may be sold to satisfy the same and for general relief, &c.
Pending the suit, Boyle departed this life and a bill of revivor was filed by Laiferty, one of his executors, and the only one that took upon himself the execution of Boyle’s will.
The original bill and the bill of revivor were answered by the heirs of Conley, but the view that we have taken of!the case, renders it unnecessary further to notice the answer.
The circuit court on hearing, sustained the bill and decreed relief to the executor of Boyle. To •reverse that decree this writ of error is prosecuted.
Admitting the bill to contain matter sufficient to authorize the interposition of a court of equity, we have no hesitation in saying that the proper parties were not before the court, and that the decree for that cause, must be reversed, it is against the heirs of Hays in their representative character, and not *639 against them in théir personal right, that any claim is pretended in the bill, to charge the land which was sold by their ancestor to Conley, and which though in the possession of Conley’s heirs must be understood to have descended from Hays to liis heirs, in consequence of the refusal of Conley to accept the deed made and acknowledged by Hays in his lifetime. But if in their representative character, the heirs of Hays be liable and the land derived hy them by descent from their ancestor, be chargable with the claim set up in the bill, they have an undoubted right to call in aid the personal estate of their ancestor, and have that fund first applied to the extinguishment of the complainants demand, and for that purpose, and in conformity to the act of assembly of 1792, which gives redress against heirs for demands against their ancestors, to which they were not previously liable, the personal representative of the ancestor, Hays ought, undoubtedly to have been brought before the court, before the cause was heard, and a.decree pronounced on the merits of the claim.
Where the decree rendered for the complainant, is reversed for the want of proper parties, if the bill have equity on its face, there will be leave given to make the necessary parties — otherwise not.
As the decree must, therefore, be reversed for the want of proper parties, we have deemed it unnecessary to notice the many objections taken to the regularity of the proceedings in the subsequent stages of preparation, all of which it will be the interest of the complainant to attend to, and obviate, in the further preparation of the cause, upon its return to the court below. Nor is it necessary that we should enter upon a minute examination of the merits of the complainants demand. If the bill contained no sufficient cause for the complainants coming into a court of equity, it would, indeed, be proper, that in reversing the decree, we should direct the bill to be dismissed, and not remand it for further preparation in the court below, and hence it is, that without attempting a practical discussion of the merits of the complainant’s demand, we have liad occasion to advert to the allegations of his bill, for the purpose of forming an opinion whether the matter therein contained is sufficient to warrant the interference of a court of equity.
Sm-et» who discharges the demand, may maintain his bili against the executor and hi-irs, io subject, first the personally and then the real estate to his claim.
In forming this opinion, we have not deemed it necessary to go into the inquiry whether or not, from the facts charged in the bill, there exists a specific lien upon the land in favor of Boyle or his representative Lafferty, because whether there be or be not such a lien, it is equally clear that the matter alleged in the bill, forms a good cause for equitable jurisdiction. If, as the surety of Hays, the recovery at law has been had in favor of Conley against Boyle, nothing is more clear under the act of 1792, to which we have already referred, than that Boyle in his lifetime, or his representatives since, might prosecute suit against his. heirs, in conjunction with, the personal representative of Hays, and according to the immemorial usage of courts of equity, in giving relief to sureties for money which they have been compelled to pay for their principals, the suit maybe, as this suit is, addressed to a court of equity. After the death of the principal the suit by the surety is not against the personal representatives or heir, in their personal right, but it is addressed to the court of equity for the purpose of subjecting ths personal estate in the hands of the representative ot that fund, or the real estate in the hands of the heirs, to the satisfaction of the surety’s demand, so that if there be no express lien on the land in favour of the complainant, it was unquestionably proper to apply to a court of equity for the purpose of reaching the land which descended to Hays heirs, and which is alleged to be in the possession of the heirs of Conley, though as we have seen the personal representative of Hays is a necessary party t.o such a suit, and if there be a lien in favor qf the complainant, on the land, it was equally proper to resort to a court of equity for the purpose of enforcing that lien, and for that purpose the personal representative of Hays is equally a necessary party.
The decree must be reversed with cost, the cause remanded to the court below, with permission for the complainant to amend his bill by bringing the personal representative of Hays before the court, if he should apply for leave to do so, and if he should not so amend his bill, or show sp?ne sufficient cause for not doing so, within a reasonable time, to be *641 fixed by the court, the bill must be dismissed, without prejudice to another suit, and such other and further proceedings must be there had, as may be consistent with the usages and principles of equity, and not incompatible with this opinion.
James Trimble, for plaintiffs; Triplett, 'for defendants.